Such a determination might be dispositive of whether the city has violated the Equal Protection Clause. If "population" means "total population," the districts in the city's 1997 plan had a less than 10% population variance. If, however, it means "citizen voting age population," the maximum deviation is allegedly anywhere from 20% to 32.5%. Pet. for Cert. 3, and n. 4. The Fifth Circuit in this case held that the decision as to which population figures to use was "a choice left to the political process." 206 F. 3d 502, 523 (2000). Likewise, the Fourth Circuit has held that the decision whether to use total population or voting age population is a political choice generally not reviewable by courts. *Daly* v. *Hunt*, 93 F. 3d 1212, 1227 (1996) ("This is quintessentially a decision that should be made by the state, not the federal courts, in the inherently political and legislative process of apportionment"). In contrast, the Ninth Circuit has held that districting based on voting populations instead of the total population would have been unconstitutional. *Garza* v. *County of Los Angeles*, 918 F. 2d 763, 773–776 (1991).

In other contexts, I might be inclined to wait for further conflict to develop among the courts of appeals. In this case, however, because every jurisdiction in the country will have to accommodate the 2000 census data in the near future, it behooves us to address this question as soon as possible. The one-person, one-vote principle may, in the end, be of little consequence if we decide that each jurisdiction can choose its own measure of population. But as long as we sustain the one-person, one-vote principle, we have an obligation to explain to States and localities what it actually means.

No. 00–1454. TEXTRON FUNDING CORP. ET AL. *v.* BESSETTE. C. A. 1st Cir. Motions of American Financial Services Association and New England Legal Foundation for leave to file briefs as *amici curiae* granted. Certiorari denied. ■

No. 00–1498. SIENKIEWICZ *v.* MCDOUGALL ET AL. C. A. 11th Cir. Certiorari before judgment denied.

No. 00–1176. OBERMEYER *v.* ALASKA BAR ASSN., *ante*, p. 922;
No. 00–6741. MITCHELL *v.* MCDANIEL, WARDEN, ET AL., 531 U. S. 1086;

No. 00–6792.  TOLLEY v. MOORE, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL., 531 U. S. 1087;

No. 00–6977.  MASKO v. UNITED STATES, *ante*, p. 958;

No. 00–7040.  WOOD v. UNITED STATES, *ante*, p. 924;

No. 00–7740.  CLARK v. WITEK, WARDEN, ET AL., 531 U. S. 1174;

No. 00–7829.  VEALE ET AL. v. UNITED STATES ET AL., *ante*, p. 925;

No. 00–7887.  CRUZ v. DEEDS, WARDEN, *ante*, p. 927;

No. 00–7980.  FILIPOS v. SEARS, ROEBUCK & CO., *ante*, p. 929;

No. 00–8060.  SCHAFFER v. HALTER, ACTING COMMISSIONER OF SOCIAL SECURITY, ET AL., *ante*, p. 931;

No. 00–8091.  GARCIA ESPINOZA v. RUIZ ET UX., *ante*, p. 945;

No. 00–8121.  BROWN v. MITCHEM, *ante*, p. 946;

No. 00–8314.  THOMPSON v. PRESTERA CENTER FOR MENTAL HEALTH SERVICES ET AL., *ante*, p. 961;

No. 00–8572.  COCKBURN v. DAHLBERG, ACTING SECRETARY OF THE ARMY, *ante*, p. 951;

No. 00–8672.  GUINTO v. PHILIP MORRIS, INC., *ante*, p. 964; and

No. 00–8910.  IN RE BURNS, *ante*, p. 957.  Petitions for rehearing denied.

No. 00–7649.  MORROW v. GEORGIA, *ante*, p. 944.  Motion for leave to file petition for rehearing denied.

MAY 22, 2001

No. 00–10165 (00A1029).  SMITH v. LUEBBERS, SUPERINTENDENT, POTOSI CORRECTIONAL CENTER.  C. A. 8th Cir.  Application for stay of execution of sentence of death, presented to JUSTICE THOMAS, and by him referred to the Court, denied.  Certiorari denied.  JUSTICE STEVENS took no part in the consideration or decision of this application and this petition.

MAY 24, 2001

No. 00–1572.  SEABOARD SURETY CO. ET AL. v. UNITED STATES FOR THE USE AND BENEFIT OF S & G EXCAVATING, INC.  C. A. 7th Cir.  Certiorari dismissed under this Court's Rule 46.1.